**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DONNA MONFILETTO,**  *Plaintiff,*  v.  **NORDSTROM, INC.,**  *Defendant.* | Case No. 5:19-cv-04005-JDW |

## MEMORANDUM

Donna Monfiletto fell off an ottoman while in a dressing room at a Nordstrom store. She broke her hip. She blames the ottoman and, by extension, Nordstrom Inc. But photographic evidence demonstrates that the ottoman was just an ottoman. It was not dirty, slippery, or otherwise blameworthy. Even if it was, Ms. Monfiletto acknowledges that she saw its condition and sat on it anyway. When she did, she gave up her right to blame Nordstrom or the ottoman for her fall.

**I.     FACTS**

Pursuant to the Court's Policies and Procedures, Nordstrom filed a Statement of Undisputed Material Facts. When Ms. Monfiletto responded to that Statement, she parroted the same language in almost every paragraph: "Admitted in part and denied in part. It is admitted that the referenced material is deposition testimony that speaks for itself. The remaining allegation are specifically denied. Wherefore, strict proof thereof is demanded." (*E.g.*, ECF No. 30 at ¶ 4.) This approach is common practice in Pennsylvania state court. But in federal court, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead, he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). Ms. Monfiletto has not done so. The

Court therefore assumes that the facts that Nordstrom cites are, in fact, undisputed. As relevant here, they are as follows.

Ms. Monfiletto has diabetes. On November 11, 2018, Ms. Monfiletto was shopping at the Nordstrom in King of Prussia. She used a cane to help her walk. While shopping, Ms. Monfiletto asked for and received access to a dressing room, which contained an ottoman. Ms. Monfiletto testified that when she entered the dressing room, she observed that the ottoman was "wet, kind of dirty . . . shiny." (ECF No. 29-2 at 34.) She also said the ottoman was "tiny." (*Id.* at 37.) Her testimony notwithstanding, both parties produced photos of the ottoman. (Nordstrom asks to exclude Ms. Monfiletto's picture of the ottoman because she did not produce it in discovery. Given the Court's resolution of this Motion, it need not decide whether to exclude the photograph.) The photos reveal a scuff on the side of the ottoman, nothing suggests that the ottoman was wet, dirty, shiny, or otherwise slippery. At some point in the course of changing, Ms. Monfiletto sat on the ottoman. When she did, she fell off and broke her hip.

Ms. Monfiletto sued Nordstrom in the Philadelphia County Court of Common Pleas. She alleges that the ottoman was in a dangerous and defective condition, which caused her to fall. Nordstrom removed the case to this Court and now seeks summary judgment.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead, he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *See Celotex*, 477 U.S. at 323.

### III.  DISCUSSION

"[A] federal court must apply the substantive laws of its forum state in diversity actions," such as this one. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). Here, Pennsylvania law governs. Under Pennsylvania law, a plaintiff asserting a negligence claim must prove four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) a breach of that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. *See Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27-28 (Pa. 2006). The fact that an accident happened does not, in and of itself, establish negligent conduct. *See Martin v. Evans*, 711 A.2d 458, 502 (Pa. 1998).

In a premises liability case such as this, the standard of care that a property-owner owes to a person depends on whether the person entering the land is a trespasser, licensee, or an invitee. *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). The parties agree that Mrs. Monfiletto was Nordstrom's invitee. Possessors of land owe a duty to protect invitees from foreseeable harm. *See id.* The possessor only owes such a duty if it "knows or by the exercise of reasonable care would discovery the condition, and should realize that it involves an unreasonable risk of harm to such

3

invitee." *Craig v. Franklin Mills Assocs., L.P.*, 555. F. Supp.2d 547, 549 (E.D.Pa. 2008) (citing Restatement (Second) of Torts § 343)). A court may decide whether a land owner breached a duty to an invitee if reasonable minds could not disagree about the evidence. *See id.*

The undisputed evidence here demonstrates that there was dangerous or defective condition when Ms. Monfiletto fell. Most importantly, the pictures of the ottoman demonstrate that it was not unsafe. The only contrary evidence that Ms. Monfiletto offers is her own testimony that the ottoman appeared slippery, wet, shiny, and/or dirty. She says that the ottoman's condition was obvious when she entered the dressing room.

Her testimony does not create a triable issue of fact "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the fats for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007). In *Scott*, the contradictory evidence was a video. Here, it is a photograph. But that makes no difference. The photographs of the ottoman are incontrovertible evidence of its condition, and they reveal nothing but an ordinary ottoman. They therefore rule out Ms. Monfiletto's testimony that the ottoman was in an obviously hazardous condition.

Even if there were a dispute about the ottoman's condition, Ms. Monfiletto's own testimony establishes that its condition was obvious to her when she entered the dressing room. "When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, . . . [she] is deemed to have agreed to accept the risk and to undertake to look out for [her]self." *Carrender*, 469 A.2d at 125. That's exactly what happened here. Ms. Monfiletto entered the dressing room, encountered

an ottoman that she thought looked slippery and dirty. She sat on it anyway, even though she didn't have to do so. She therefore accepted the risk and undertook to look out for herself.

## IV. CONCLUSION

Ms. Monfiletto's fall and injury are unfortunate. The Court sympathizes with the pain she has suffered and the challenges of rehab. But she has not offered any evidence that Nordstrom caused her fall. The Court will therefore grant Nordstrom's summary judgment motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
UNITED STATES DISTRICT JUDGE

July 31, 2020